UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CR-20033-Gayles

UNITED STATES OF AMERICA,
      Plaintiff,

vs.

JOVIS ST LUC,
      Defendant.
_____/

## MOTION FOR DOWNWARD VARIANCE AT SENTENCING 18 USC 3553

**COMES NOW** the Defendant, JOVIS ST LUC, by and through his undersigned counsel, and moves for a Downward Variance from a potential sentence which will be imposed on November 28, 2023, at 11:30 AM and as grounds therefore would state as follows:

1.      The Defendant is charged with Count 1, Conspiracy to Commit Access Device Fraud, 18 USC §1029(b)(2), Count 21, Possession of Fifteen or More Unauthorized Access Devices 18 USC §1029(a)(3), Counts 22-27, Aggravated Identity Theft, 18 USC §1028A(a)(1).

2.      The Defendant has filed his objections to the Presentence Investigation Report. The Defendant has accepted responsibility in the case.

### DISCUSSION OF THE 3553 FACTORS AND INCORPORATED MEMORANDUM OF LAW

3      Pursuant to Title 18, United States Code, Section 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in subparagraph (a)(2). As the Court is aware, due to the mandatory aspect of subsection (b)(1) being held unconstitutional by _United States v. Booker_, 543 US. 220, (2005), Title 18, United States Code, section 3553 is purely advisory for the Court. This allows the Court to use its discretion to

deviate from the guidelines if there exists an aggravating or mitigating circumstance of a kind, or

to a degree, not adequately taken into consideration by the Sentencing Commission in formulating

the guidelines.

4.     To determine a reasonable sentence the District Court must consider several factors

in addition to the Advisory Federal Sentencing Guidelines enumerated in Title 18, United States

Code, and Section 3553.  These factors are as follows:

> (1) the nature and circumstances of the offense and the history and
> the characteristics of the defendant; (2) the need for the sentence
> imposed - (A) to reflect the seriousness of the offense, to promote
> respect for the law and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct; (C) to protect
> the public from further crimes of the defendant; and (D) to provide
> the defendant with needed educational or vocational training,
> medical care or other correctional treatment in the most effective
> manner; (3) the kinds of sentences available; (4) the kinds of
> sentence and the sentencing range established for the applicable
> category of offense committed by the applicable category of the
> defendant as set forth in the Guidelines issued by the Sentencing
> Commission that are in effect on the date Defendant is sentenced;
> (5) any pertinent policy statements issued by the Sentencing
> Commission (6) the need to avoid unwarranted sentencing
> disparities among defendants with similar records who have been
> found guilty of similar conduct; and (7) the need to provide
> restitution to any victims of the offense.

5.     Section 3553(a) factors and the advisory nature of the Guidelines has given the

Court discretion in which to fashion a sentence that is sufficient but not greater than necessary to

comply with the purpose set forth in section 3553(a) factors.

6.     As reflected above, the Court needs to impose a sentence that is sufficient, but not

greater than necessary to comply with the purposes set forth in paragraph 2 of this subsection.  The

Court, in determining the particular sentence to be imposed, shall consider, among other things,

the nature and circumstances of the offense, and the history and characteristics of the Defendant, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

## REQUEST FOR VARIANCE

7.      Defendant seeks a variance in this matter based upon various grounds listed below:

(a)      <u>Drug Addiction</u>. Refer to PSR paragraphs 92 and 93 in support of this.

(b)      <u>Family History</u>. Refer to PSR paragraph 83.   Defendant had no real father/son relationship with his father and lacked a "male role model" in his life which led to no guidance as a father would give to a son in teaching him how to lead an honest and ethical life. His Mother is ill with High Blood Pressure and retired.

(c)      The Defendant's criminal history category II are for crimes primarily committed as a juvenile or young adult, and consideration of the age of the Defendant when these crimes were committed is requested.

(d)      The Defendant suffered great loss and tragedy in his life when he and his significant other lost an infant daughter, Jaelani Heires St Luc who was born prematurely, had difficulty breathing, and died hours after her birth.

(e)      Defendant had an opportunity to defraud many victims in this matter, but no victim in this case suffered a monetary loss.  The fraud loss amount in this matter is $170,000 and the central issue at sentencing in this matter is actual alleged vs. intended loss.

(f)      Defendant attended Bethune-Cookman University for two years but was forced to withdraw from college due to financial reasons.

(g)     Defendant's motive behind the crime was for financial gain, he was unemployed, in debt and addicted to Marijuana.

(h)     Defendant was previously diagnosed with attention deficit hyperactivity disorder, which has been defined to be a learning disability and brain issue.

(i)     Defendant had a promising career as a football player until he suffered a shoulder injury.  Defendant disclosed to counsel that he had ambitions of playing college and NFL football, but this was sidetracked by his injury, counsel believes this was an important incident in Defendant's life and was a negative to his future.

## LACK OF GUIDANCE

8.     _U.S. v. Floyd_, 945 F.2d 1096 (9th Cir. 1991) (in drug case, court affirms departure from guideline range of 30 years to life to 17 years because of defendant's abandonment by his parents and lack of guidance as a youth –rendering defendant less culpable. Also observing that "**a criminal sentence must reflect an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime**").

## DRUG ADDICTION

9.     _U.S. v. Garcia_, 497 F.3d 964 (9th Cir. 2007) (where Defendant convicted of drug conspiracy and sentenced to over 100 years, sentence vacated in part because district judge erred in holding it had no power to consider to defendant's drug addiction and resulting mental impairment as a mitigating factor under 18 U.S.C. § 3553(a).  Fact that guidelines preclude downward departure because of voluntary use of drugs under USSG § 5K2.13 and 5H1.4 does not

preclude judge from using same as mitigating factor under § 3553(a)).  In this context alcohol abuse is synonymous with drugs.

## DISADVANTAGED BACKGROUND

10.    _Landrigan v. Schriro,_ 441 F.3d 638, 648 (9th Cir. 2006) ("Where a defendant's crime is attributable to a disadvantaged background or emotional or mental problems, the defendant is less culpable than one without the excuse."); _U.S. v. Walter_, 256 F.3d 891, 894  (9th Cir. 2001) _Walter_, 256 at 894 (9th Cir. 2001); _United States v. Brown_, 985 F.2d 478, 481 (9th Cir. 1993) (proper to grant downward departure in light of psychological report detailing childhood of severe abuse and neglect).

## HARSH NATURE OF DEFENDANT'S INCARCERATION

11.    _U.S. v. Spano,_ 476 F.3d 476, 479 (7th Cir. 2007) ("In effect Schullo is arguing that the severity of a prison sentence has two dimensions: its length, and the harshness of the conditions, and that the harsher the conditions the shorter the sentence should be.  _U.S. v. Noriega_, 40 F. Supp. 2d 1378 (S. D. Fla. 1999) (Judge however reduces old-law sentence from 40 to 30 years in part because of harsh nature of incarceration – "There is little question that [segregated confinement] is a more difficult type of confinement than in general population. For some, the consequences of such deprivation can be serious."); see _McClary v. Kelly_, 4 F.Supp.2d. 195, 207 (W.D.N.Y. 1998) ("a conclusion however, that prolonged isolation from social and environmental stimulation increases the risk of developing mental illness does not strike this court as rocket science.  Social science and clinical literature have consistently reported that when human beings are subjected to social isolation and reduced environmental stimulation, they may deteriorate mentally and, in some cases, develop psychiatric disturbances (citing cases)."  See also, "*The Eighth Amendment and*

*Psychological Implications of Solitary Confinement*," 21 Law and Psychology Review, Spring

1997, p. 271; "*Solitary Confinement, Legal and Psychological Considerations*," 15 New England

Journal on Criminal and Civil Confinement, 301, Summer 1989).   See Pretrial Confinement

Conditions at ¶ 151.  In the case at bar the Defendant and is exposed to 12-years of incarceration.

## THE DEFENDANT'S TRAGIC PERSONAL HISTORY

12.      <u>U.S. v. Lopez</u>, 938 F.2d 1293, 1297-99 (D.C. Cir. 1991) (where Defendant received

51 months in cocaine case, case remanded for district court to consider departure because

Defendant exposed to domestic violence.)  In this case the Defendant was subjected to domestic

violence from her husband which started when she was 15 years old.

## MERCY WARRANTS A BELOW GUIDELINE SENTENCE

13.      See Testimony of Justice Anthony Kennedy before the Senate Judiciary Committee

February 14, 2007, in response to Senator Whitehouse (**"Our sentences are too long, our sentences**

**are too severe, our sentences are too harsh...** [and because there are so few pardons] **there is no**

**compassion in the system. There's no mercy in the system."**), *video link* accessible at Professor

Berman's Sentencing Law and Policy Blog of Feb. 15, 2007); Justice Kennedy 's ABA speech of

2003 ("**A country, which is secure in its institutions, confident in its laws should not be**

**ashamed of the concept of mercy.** As the greatest of poets has said 'mercy is the mightiest in the

mightiest. It becomes the throned monarch better than his crown.'");  **James Q. Whitman, <u>Harsh</u>**

**<u>Justice</u>**  (Oxford Press 2003) paperback ed. at 223 n. 72 ("the makers of sentencing guidelines

succeeded only in contributing to the making of a law of punishment that shows obstinately little

concern for the personhood of offenders...a law that tends to treat offenders as something closer to

animals than humans, and that has correspondingly sought, more and more frequently, simply to

lock them away"); *id* at page 19 ("**American punishment is comparatively harsh, comparatively degrading, comparatively slow to show mercy")**

BOP/SIS Records under seal.

## CONCLUSION AND PRAYER FOR RELIEF

14.     This court can exercise a great deal of discretion in meting out a sentence which tempers justice with mercy in imposing a prison sentence upon the Defendant, which is reasonable under the actual facts and circumstances of this case as they apply to him.  Counsel respectfully requests that this Court impose a sentence in this matter which is fair, just, and reasonable under the sad and tragic circumstances of Defendant's life.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing was filed via U.S. District Court, CM/ECF to AUSA, Elena Smukler, Esq., Email: <u>ElenaSmukler@USDOJ.gov</u>, on this <u>10th</u> day of <u>November 2023</u>.

Respectfully submitted,

BRUCE H. FLEISHER, P.A.
2665 South Bayshore Drive
Grand Bay Plaza – Suite 220
Coconut Grove, Florida 33133
Tel.: (305)859-7999
Fax: (305) 397-2461
Email: <u>Bruce@brucefleisherlaw.com</u>
Secondary: <u>Christine@BruceFleisherLaw.com</u>

By: */s/ Bruce H. Fleisher*

Bruce H. Fleisher, Esq.
Florida Bar No.: 166952